THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME KAIFETZ, Appellant.—

Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur. Herlihy, P. J.,

dissents and votes to affirm in the following memorandum: The majority seeks to extend the so-called two pronged test laid down in *Aguilar* v. *Texas* (378 U. S. 108) as reaffirmed in *Spinelli* v. *United States* (393 U. S. 410)· and applied in *People* v. *Hendricks* (25 N Y 2d 129, 133) so as to require a declaration that a search warrant was illegally issued upon the sole basis that the reliability of the informant is not established in an affidavit in support of the warrant as a fact entirely independent from all of the allegations which tend to show probable cause for the issuance of the warrant. In the *Hendricks* case the court was not concerned with any issue as to the reliability of the informant as such reliability was established by the underlying affidavits and was conceded by the accused person. The failure of the information before the Magistrate in *Hendricks* was one of allegations which would tend to show probable cause in the particular sense that it appeared that the informant was not merely relating hearsay as opposed to personal knowledge. The affidavit for the search warrant asserted in the present instance, that the affiant had received information from an informant of " known reliability who has furnished reliable information in the past ", and incorporated by reference an attached deposition by the same affiant. The attached deposition stated as follows: " That on December 27, 1968, I received information from an informant that one JERRY KAIFETZ, Pray's Beach Motel & Trailer Court, Lakeshore Road, Route 9, Town of Peru, New York was in Plattsburgh, New York selling Cannabis and further that this informant had purchased some Cannabis from him. The informant further stated that at the present time KAIFETZ has several pounds of Cannabis in his possession. On December 30, 1968, this informant turned over a quantity of Cannabis which he purchased from JERRY KAIFETZ. At this time the informant stated that KAIFETZ still has a quantity of Cannabis in his possession at his residence in a trailer at Pray's Motel & Trailer Court, Lakeshore Road, Route 9, Town of Peru, New York. On December 30, 1968, I examined the green vegetable substance which was turned over by the informant and based upon past experience in narcotic's investigations I believe that the substance is Cannabis." The allegations contained in the said deposition clearly establish that the affiant·did not solely rely on the informant's mere statement that he had purchased cannabis from the suspect and/or that the suspect had several pounds of the contraband in his possession. It is apparent that the affiant waited for proof of the general information that the suspect was selling and/or was in possession of the contraband, which proof he received from the informant on December 30, 1968 when a quantity of what the affiant believed to be the contraband was turned over to him by the informant with the allegation that he had purchased the same from the suspect. It was certainly not improbable upon the face of this deposition that the suspect probably had either upon his person or at his place of residence or both a quantity of contraband. At the suppression hearing the Magistrate that issued the warrant testified and a reading of his testimony indicates that he had no intention of acting in the proscribed role of rubber-stamping the request for a warrant. Unlike situations where the record does not contain evidence that the Magistrate attempted to satisfy himself as to the reasonableness as to the request for permission to search, we are in this case directly passing upon the Magistrate's attempt to perform an act independent of the desires of the police. The notes of the Magistrate made in regard to the issuance of this warrant and introduced as an exhibit by the defendant at the suppression hearing show that the police not only considered that they had received " reliable information " previously from this informant but that they were willing to produce the informant before the court if it should so desire. It would not be unreasonable for the Magistrate to infer from the offer of the police to produce the informant

that the said informant would support the allegations of the deposition as to the fact that he had purchased contraband from the suspect. It cannot be said upon the present record that the Magistrate issuing the search warrant did not within reason perform the constitutionally imposed function of protecting the citizenry against unreasonable search and seizure. The Magistrate had before him sufficient reliable information that the defendant was in fact engaged in the business of selling contraband and from that fact it was entirely reasonable to infer that the suspect would have upon his person or in his possession such contraband. The present record does not contain any evidence from which it could be inferred that the Magistrate did not have before him sufficient information of such probable reliability as to conclude that the requested search would be reasonable. The present case would appear to fall within the ambit of *Draper* v. *United States* (358 U. S. 307) and *People* v. *Montague* (19 N Y 2d 121, 122–125). While the concurring opinion of Justice WHITE in *Spinelli* v. *United States* (*supra*, pp. 428, 429) indicates that the *Draper* case has been restricted to its own facts, the problem remains that lower courts must in their turn continuously evaluate such facts as they may have before them to ascertain whether or not it can be said that a Magistrate in his turn had before him sufficient information to warrant a determination that a search would not be an unreasonable incursion upon the right of a suspect to be free of unreasonable searches and seizures. The present record does not demonstrate either that the Magistrate failed to perform his proper function as to a search warrant or that the warrant was improperly issued and, accordingly, I would affirm the judgment appealed from.